**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Morgan Howarth,

               Plaintiff,

               v.

M&P Masonry and Pools Inc.,

               Defendant.

Case No:

JURY TRIAL DEMAND

**COMPLAINT**

Plaintiff Morgan Howarth ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant M&P Masonry and Pools Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Morgan Howarth is a professional photographer whose work has been widely recognized throughout the architectural, landscape, design, commercial, and editorial-photography industries.

3. For many years, Plaintiff has devoted his career to creating original photographs depicting residential properties, luxury landscapes, outdoor living spaces, architecture, construction projects, gardens, pools, and other design-related subjects.

4. Plaintiff's photographs are routinely licensed for authorized editorial, commercial, promotional, marketing, and digital-media uses. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works.

5. Plaintiff created a photograph depicting a patio lounge facing an outdoor fireplace

1

overlooking a green field during sunset (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.      Defendant operates the Facebook account known as "M&P Masonry and Pools" (the "Account").

7.      Upon information and belief, Defendant uses the Account to advertise, market, promote, and showcase its pool-construction, masonry, hardscaping, outdoor-living, and related services.

8.      Upon information and belief, Defendant derives commercial benefit from operation of the Account through customer acquisition, lead generation, business development, brand promotion, and related revenue-generating activities.

9.      Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10.     Plaintiff is a citizen of the State of Virginia and maintains a principal place of business in Prince William County, Virginia.

11.     Defendant is a Connecticut corporation with a principal place of business at 12 Tolland Turnpike, Tolland in Tolland County, Connecticut.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Connecticut.

14.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

2

**FACTS COMMON TO ALL CLAIMS**

**A.     Plaintiff's Copyright Ownership**

15.     Plaintiff is a professional photographer whose work has been widely recognized throughout the architectural, landscape, design, commercial, and editorial-photography industries.

16.     For many years, Plaintiff has devoted his career to creating original photographs depicting residential properties, luxury landscapes, outdoor living spaces, architecture, construction projects, gardens, pools, and related subjects.

17.     Plaintiff's photographs are routinely licensed for authorized editorial, commercial, promotional, marketing, and digital-media uses. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works.

18.     Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of his photography business.

19.     Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, businesses, websites, design firms, marketing agencies, contractors, and other third parties for authorized use.

20.     Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

21.     On July 6, 2020, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

23.     On December 18, 2020, the Photograph was registered by the USCO under Registration No. VA 2-229-899.

24.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

25.     Defendant is the registered owner of the Account and is responsible for its content.

26.     Defendant is the operator of the Account and is responsible for its content.

27.     The Account is a part of and used to advance Defendant's commercial enterprise.

28.     Upon information and belief, Defendant utilizes the Account to advertise, market, promote, publicize, and showcase its pool-construction, masonry, hardscaping, outdoor-living, and related services.

29.     Upon information and belief, Defendant owns, operates, manages, maintains, and controls the Account and exercises editorial, managerial, operational, and financial control over the content appearing thereon.

30.     Upon information and belief, the Account serves as a commercial marketing platform through which Defendant promotes its business operations, completed projects, services, brand identity, and related commercial activities.

31.     At all relevant times, content published, displayed, reproduced, distributed, and otherwise made available through the Account was subject to Defendant's direction and control, including the infringing content alleged herein.

32.     Upon information and belief, Defendant derives commercial benefit from operation of the Account by increasing customer engagement, enhancing brand visibility, attracting prospective customers, generating business opportunities, promoting its services, and increasing revenues associated with its commercial operations.

33.     Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Account.

34.     Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the

4

promotion of its masonry, pool-construction, hardscaping, and related services.

35.     On or about March 29, 2025, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=122109011768804299&set= pb.61574128974467.-2207520000&type=3 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

36.     The Photograph was reproduced, displayed, and stored by Defendant at URL: https://scontent-atl3-1.xx.fbcdn.net/v/t39.30808-6/486670444_122109011792804299_ 4998812733221437223_n.jpg.

37.     The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, angle, lighting, perspective, and overall expressive content.

38.     Plaintiff first observed the Infringement on September 29, 2025.

39.     Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

40.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

41.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

42.     Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

43.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent.

5

44.     Defendant cannot claim that it was unaware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

45.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

46.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

47.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

48.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

49.     Upon information and belief, the Infringement increased engagement with the Account and generated additional customer interest, brand visibility, promotional value, and commercial value for Defendant.

50.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, promotional exposure, brand visibility, and business-development opportunities.

51.     Defendant's use of the Photograph harmed the actual market for the Photograph.

52.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license the Photograph to other commercial entities.

53.     On or about October 14, 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

54.     Thereafter, on or about November 13, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the matter without litigation and affording Defendant

6

an additional opportunity to address Plaintiff's claims.

55. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

56. Despite receiving multiple written notices concerning the Infringement, Defendant failed and/or refused to respond to Plaintiff's communications.

57. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

61. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

64. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting,

7

displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

66.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to an award of actual damages and disgorgement of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c).

67.    As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §505.

68.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §502.

### JURY DEMAND

69.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: July 29, 2026

**SANDERS LAW GROUP**

By:   ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132427

*Attorneys for Plaintiff*

9